**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | No. 15 C 7951 |
| | ) | |
| **JAMES BROWN** | ) | Judge Rebecca R. Pallmeyer |

**MEMORANDUM ORDER**

James Brown pleaded guilty to a drug conspiracy and was sentenced to the mandatory minimum. He now argues that he was denied the effective assistance of counsel in connection with his plea and sentence. For the reasons explained here, however, Brown's petition for relief pursuant to 28 U.S.C. § 2255 is denied.

Defendant Brown was charged in a four-count indictment with drug offenses. On April 30, 2013, he pleaded guilty to a charge of conspiracy to possess with intent to distribute a kilogram or more of heroin in violation of 21 U.S.C. § 846. In his written plea agreement, and in his plea colloquy, Brown acknowledged participation in a heroin-distribution operation led by David Price, a large-scale supplier of heroin in Chicago. (Plea Agreement [35] in 12 CR 586.) Brown supervised sales at a drug market on the west side and was aware of other drug-spot supervisors, as well. Beginning in late 2005, Brown participated in selling 12-dose packages of heroin; later, he packaged some of the raw heroin for sale and supervised sales by other participants in the conspiracy, continuing his involvement through 2008. Brown established himself as an effective salesman and acknowledged, in his plea, that he distributed or assisted in distributing at least 10 kilograms of heroin, earning nearly $200,000 from these activities.

At sentencing, the court determined that Defendant's total offense level is 35, and that he is in Criminal History Category VI, yielding a guideline range of 324 to 405 months. (Statement of Reasons [74] in 12 CR 586.) In return for his substantial cooperation, the government moved for a sentence of just 50% of the low end of that guideline range, 162 months in custody. Defense counsel argued for a further reduction, emphasizing § 3553

factors: Defendant's genuine remorse; his determination to be a responsible father and employee; dedicated church membership; and a serious physical injury. The court agreed and sentenced Brown to the mandatory minimum custody term of 120 months. (Sentencing Memorandum [67], in 12 CR 586.)

Brown's plea agreement includes a full waiver of his appellate and collateral rights: Specifically, in return for the government's motion for a downward departure, Brown "knowingly waive[d]" his right to appeal his conviction, the court's pre-trial rulings, his sentence, and the manner in which it was determined. (Plea Agreement [35] in 12 CR 586, at 17.) Brown also waived the right to challenge "his attorney's alleged failure or refusal to file a notice of appeal, in any collateral attack or future challenge . . . ." (*Id.*) The waiver did not apply to a claim of ineffective assistance of counsel that related "directly to this waiver or to its negotiation," (*id.*), but Brown confirmed in his plea colloquy that he had received the assistance of counsel with respect to that waiver and was satisfied with his attorney's performance.

Brown nevertheless argues that his attorney was ineffective in various ways, but the comprehensive waiver requires dismissal of his petition. *See, e.g., Solano v. United States*, No. 15-1290, ___ F.3d ___, 2016 WL 456204 (7th Cir. Feb. 5, 2016) (waiver of right to challenge conviction and sentence on appeal or collaterally is enforceable; thus, where petitioner waived appeal rights, counsel who fails to file an appeal is not ineffective). In any event, the petition has no merit. He acknowledges that he does not wish to withdraw his guilty plea, and he received the lowest sentence the court could impose. He appears to believe that his attorney was ineffective because the government did not move for a further reduction pursuant to § 3553(e), but any such motion could not have resulted in a more favorable sentence than the one he received. He suggests the court erred in imposing supervised release conditions, but did not take a direct appeal (and waived the right to do so), and even now has not identified which conditions, if any, are improper.

Finally, he asserts that his attorney was ineffective in failing to notice that his criminal

2

history points were miscalculated. This claim fails on multiple grounds: first, the government has produced a certified record confirming Brown's conviction of the 2009 domestic battery charge that he now challenges. (Government's Supplemental Response [12], Ex. A.) Second, the presentence report noted Defendant's objection to counting the 2009 conviction, demonstrating that counsel did in fact raise the issue with the Probation Officer. (Presentencing Report [55] in 12 CR 586, at 18.) Third, Brown qualified as a career offender, requiring assignment of Criminal History Category VI, even without consideration of the 2009 conviction. (*Id.* at 9.) And most importantly, as noted, the court imposed the mandatory minimum sentence in this case—and would not have imposed a lower sentence even if it reached a conclusion favorable to Brown on the 2009 conviction. So, even if inclusion of the 2009 conviction in Brown's criminal history actually reflected ineffective assistance, he suffered no prejudice.

The § 2255 petition is denied. Because reasonable jurists would not find any of the court's conclusions debatable, the court declines to issue a certificate of appealability. Civil case terminated.

ENTER:

Dated: March 8, 2016

_____
REBECCA R. PALLMEYER
United States District Judge